UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES QUATRINE, JR.,

    Plaintiff,

CASE NO. 1:12-CV-180

v.

HON. ROBERT J. JONKER

ANTHONY HENRY and
LYLE DANIELS,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 31) and Plaintiff Quatrine's Objections to the Report and Recommendation (docket # 32). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting Defendants' Motion for Summary Judgment based on Plaintiff's failure to exhaust his administrative remedies regarding the claims he brings in this lawsuit. The Magistrate Judge found Defendant Daniels entitled to summary judgment for lack of exhaustion because Plaintiff did not name Defendant Daniels as the person grieved in his grievance no. 1310. The Court agrees with the finding. Plaintiff stated in the grievance that he tried to resolve the issue on July 30, 2011 by speaking with Defendant Daniels, but Plaintiff explicitly directed the grievance against Defendant Henry, stating "I am grieving LRF and Director Mr. Henry." (docket # 15-5.) Plaintiff now objects that Defendant Daniels is not entitled to summary judgment, because Defendant Daniels "is the Assistant of Defendant Henry and was [i]nvolved in the Grievance Process from the beginning as the mediator prior to the grievance." (Obj., docket # 32, at 1.) This objection is unpersuasive. It does not alter the fundamental point that Plaintiff did not name Defendant Daniels as a person grieved in his grievance. The Magistrate Judge properly concluded that Plaintiff failed to exhaust as to Defendant Henry. (Report and Recommendation, docket # 31, at 6-7.)

There is no dispute that Plaintiff properly exhausted grievance no. 1310 against Defendant Henry. But the Magistrate Judge found that grievance no. 1310 did not grieve the claims Plaintiff brings in this lawsuit. In particular, the grievance challenged the reason that Defendant Henry gave for removing Plaintiff from a Buddhist diet: namely, Plaintiff says his admitted purchase of commissary products inconsistent with a Buddhist diet should not have been enough because no one

proved he actually ate the food he bought. But the prison policy upon which Defendant Henry relied does not require proof of ingestion; it requires only possession. So there is no question that Plaintiff's admitted possession violated the prison policy and gave Defendant Henry a basis for removing Plaintiff from a Buddhist diet. But Plaintiff's claim in this case does not advance the theory of the grievance. Instead, it asserts a new and unexhausted theory that Defendant Henry retaliated against him for complaining about the Buddhist diet. Plaintiff exhausted only a claim that his "constitutional right to practice [his] religion has been violated." (Step I grievance, and Step II grievance, docket # 15-5.) That is not the claim he is asserting here, and the facts he alleges in this case as an alleged basis of retaliation – namely, his alleged complaints about the quality of the Buddhist diet trays at LRF – do not appear anywhere in the grievance documents. The Court agrees with the Magistrate Judge that Defendant Henry is entitled to summary judgment based on failure to exhaust.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 31) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

1. Defendants' Motion for Summary Judgment (docket # 14) is **GRANTED** for failure to exhaust administrative remedies.

2. This case is **DISMISSED**.

3. For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  March 14, 2013            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE